UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STUART A. CRANNER                                                      CIVIL ACTION

VERSUS                                                                 NO. 13-6681

MICHAEL COLETTI                                                        SECTION "N" (2)

### ORDER AND REASONS

Before the Court is the defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 11).  The plaintiff has filed an opposition memorandum, and the defendant has filed a reply memorandum.  Rec. Docs. 17, 21.

**I.    BACKGROUND:**

The plaintiff, Stuart Cranner, brought this action on August 7, 2013, against Michael Coletti in the Twenty-Second Judicial District Court, Parish of St. Tammany, seeking damages for personal injuries.  Plaintiff alleges that on October 5, 2012, the defendant entered onto the property of plaintiff's residence in Orleans Parish, refused repeated requests to leave, stabbed plaintiff multiple times with a knife, and then ran away, leaving plaintiff bleeding and injured. Rec. Doc. 1-2.  Plaintiff alleges that he returned to his parents' home in St. Tammany Parish to recover from his injuries, where he was stalked and harassed by private investigators hired by the defendant, including obvious surveillance, threatening conduct, intrusive telephone calls, uninvited visits, and demands to photograph plaintiff's injuries, which caused plaintiff to suffer

post-traumatic stress disorder. *Id.* The defendant was served on November 19, 2013, and removed the case to this Court on December 17, 2013. The defendant now seeks to dismiss the case on grounds that the allegations of stalking and harassment fail to state a claim for which relief may be granted and that any claims arising out of the stabbing are prescribed. Rec. Doc. 11.

## II. LAW AND ANALYSIS:

### A. Standard for Dismissal Pursuant to Rule 12(b)(6):

The Federal Rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim does not have plausibility if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

### B.      Do the Harassment Allegations State a Plausible Claim for Relief?

The defendant argues that the post-stabbing harassment allegations (*i.e.*, allegations that while at home, the plaintiff was stalked and harassed by private investigators hired by the defendant, including obvious surveillance, threatening conduct, intrusive telephone calls, uninvited visits, and demands to photograph plaintiff's injuries) do not state a claim for which relief may be granted under Louisiana law.  The Court disagrees.

"[T]o recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."  *White v. Monsanto Co.,* 585 So. 2d 1205, 1209 (La. 1991).   "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  *Id.* "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."  *Id.*  "Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind."  *Id.*

The Court finds that the plaintiff has articulated a plausible claim for intentional infliction of emotional distress.  Accepting the plaintiff's allegations as true, the threats, harassing phone calls, and surveillance occurred while the plaintiff was recovering from physical

injuries caused when the defendant "stabbed petitioner multiple times, resulting in massive stabbing and slashing injuries to petitioner's dominant right arm, chest, leg, and thigh" and "left [the plaintiff] to die." Rec. Doc. 1-2 at ¶¶ V to VIII. Given this context, and drawing all reasonable inferences in the plaintiff's favor, the Court finds that the facts alleged make out a plausible case for recovery, even though the conduct alleged likely would not suffice outside this context. *See Rhyce v. Martin,* 173 F. Supp. 2d 521, 535 (E.D. La. 2001) (Clement, J.) (given context of plausible threat to plaintiff's life, threats made even on one occasion were sufficient, as part of a pattern, to make out a claim for intentional infliction of emotional distress).

### C. Are the Stabbing Claims Prescribed on their Face?

The defendant argues that the stabbing claims should be dismissed because they are prescribed. Although prescription is an affirmative defense, a Rule 12(b)(6) motion to dismiss may be granted on the basis of prescription if the untimeliness appears from the face of the complaint. *See Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F .3d 773, 775 n. 3 (5th Cir.1997); *Hilbun v. Goldberg*, 823 F.2d 881, 884 (5th Cir. 1987).

Here, the alleged stabbing occurred on October 5, 2012, and the plaintiff filed his petition on August 7, 2013, well within the one-year liberative prescriptive period applicable to Louisiana torts. The defendant argues that the claim is nonetheless prescribed because the petition was not served until November 19, 2013, approximately six weeks outside the one-year period. Ordinarily, prescription is interrupted when "the obligee commences action against the obligor, in a court of competent jurisdiction and venue." La. Civ. Code art. 3462. However, if the "action is commenced in an incompetent court, or in an improper venue, prescription is

interrupted only as to a defendant served by process within the prescriptive period." *Id.* In general, an action against "[a]n individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence." La. Code Civ. P. art. 42. "An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained." La. Code Civ. P. art. 74.

Plaintiff commenced this action in St. Tammany Parish, where the alleged harassment occurred. Thus, as to the harassment claim, venue was plainly proper and prescription interrupted. *Id.* The defendant argues that filing suit did not interrupt prescription as to the stabbing claim because venue was not proper as to that claim, given that Orleans Parish is both the *locus delicti* and the defendant's parish of residence. The defendant argues that the stabbing claim and harassment claim are separate "actions," which were "improperly cumulated" under Louisiana Code of Civil Procedure article 462, given that venue was not proper for both. Article 462 provides in pertinent part:

> A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:
>
> (1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
> (2) All of the actions cumulated are mutually consistent and employ the same form of procedure.

La. Code Civ. P. art. 462. "When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed." La. Code Civ. P. art. 464.

Based upon the record and arguments presented, the Court is not convinced at this juncture that the stabbing claim and the harassment claim are separate "actions" within the meaning of articles 462 and 464. The defendants have cited no case law on the issue, and the one case located by the Court, *Harris v. Bardwell,* 373 So.2d 777, 781 (La. Ct. App. 2nd Cir. 1979), suggests otherwise:

> A true cumulation of actions exists, however, where a plaintiff against the same defendant pleads as grounds, two different factual circumstances, each of which might entitle him to certain relief. For instance, if in one suit A sues B on a promissory note and sues B for B's tort, the Grounds are different and a true cumulation exists. If in one suit A sues B on one factual circumstance (as is the case here) and seeks recovery on two or more legal theories (tort, products liability, and redhibition), the Grounds of the suit are not different, even though the theories of recovery are, and a true cumulation of actions does not exist.

*Id.* Here, not only do all the claims sound in tort, but they are also grounded in a set of related facts. The alleged wrongful conduct is that the defendant stabbed plaintiff on October 5, 2012, and then hired private investigators to harass him while he recovered from those injuries, including placing him under surveillance and demanding to photograph the plaintiff's injuries. Rec. Doc. 1-2. No authority cited supports the conclusion that tort claims based on such a series of related events — where part of the alleged wrongful conduct occurred in one parish and part in another — must be split and filed in separate venues in order to interrupt prescription prior to completing service.[1] Thus, on this record, the Court does not find that the stabbing claims are

---

[1] Further complicating the matter is the fact that the defendant apparently timely sued the plaintiff in Orleans Parish on grounds related to the October 5, 2012 altercation, but then consented to the dismissal of that suit on grounds of lis pendens, in favor of the instant suit, filed by the plaintiff in St. Tammany Parish. *See Michael Coletti v. Stuart Cranner, et al*, 2013-09278, N-08 (CDC Parish of Orleans), filed September 30, 2013.

6

prescribed on their face, and therefore need not address the plaintiff's theory of continuing tort. Perhaps the defendant will present a stronger case on summary judgment.

### III. CONCLUSION:

For the foregoing reasons; accordingly;

**IT IS ORDERED** that the Motion to Dismiss Pursuant to Rule 12(b)(6) **(Rec. Doc. 11)** is hereby **DENIED**.

New Orleans, Louisiana, this 10th day of April, 2014.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**